UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZBIGNIEW WIKIERT,

                     Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-6799 (PKC)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Zbigniew Wikiert ("Plaintiff"), proceeding *pro se*, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have cross-moved for judgment on the pleadings. (Dkts. 10, 15.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

       Plaintiff filed an application for SSI and DIB on January 28, 2014, claiming that he had been disabled since May 1, 2009. (Tr. 44.)[1] The claim was initially denied on June 24, 2014. (*Id.*) After his claim was denied, Plaintiff requested a hearing on July 8, 2014 and appeared before an administrative law judge ("ALJ") on May 3, 2016. (Tr. 110–25, 153.) By decision dated June 29, 2016, ALJ Ifeoma N. Iwuamadi found that Plaintiff was not disabled within the meaning of the Social Security Act, from the date of onset of disability on May 1, 2009, through the date of the ALJ's decision. (Tr. 44–53.) On August 1, 2016, Plaintiff requested a review of the decision by the Appeals Council. (Tr. 216–18.) The Appeals Council denied the request for review on September 21, 2017.

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

1

(Tr. 1–7.) Based upon this denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Iwuamadi's June 29, 2016 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff argues that the ALJ erred in two ways: first, by only considering Plaintiff's diagnosis of depressive disorder and not considering his diagnoses of PTSD and generalized anxiety disorder and; second, by failing to take into account Plaintiff's records from 2011 in evaluating Plaintiff's residual functional capacity ("RFC"). (Plaintiff's Brief, Dkt. 15, at ¶¶ 19–34, 54 & n.2–3, 8.)[2]

Plaintiff argues that the ALJ substituted her "own opinion for that of [Plaintiff's] treating physicians and Social Security Administration's consultative doctors." (*Id.* at n.8) Specifically, the ALJ only considered Plaintiff's depressive disorder as a "severe impairment" and found that "the claimant's symptoms best correlate with a diagnosis of depression despite notations of other diagnoses such as posttraumatic stress disorder, generalized anxiety disorder, personality disorder,

---

[2] The Court notes, however, that Plaintiff's 2011 medical records were only sent to the Appeals Council after the ALJ's decision. (Tr. 2.)

etc. The treatment notes indicate that these were either ruled out, or the limiting symptoms were more consistent with depression." (Tr. 50.) The ALJ is correct that, at psychiatrist appointments on May 3, 2011 and September 19, 2011, Plaintiff "denied symptoms" of PTSD, and his psychiatrist found that "his symptoms do not support a diagnosis of PTSD." (Tr. 98, 372–73; *see also* Tr. 352.) However, Dr. Naira Ambarian, Plaintiff's treating psychiatrist, whose opinion the ALJ gave "considerable weight," noted in a November 1, 2013 appointment that Plaintiff "admits to PTSD symptoms after he was pressed out from his house" due to a fire. (Tr. 454.) Additionally, psychiatrists, including Dr. Ambarian and the consultative examiner, Dr. Johari Massey, found on seven other occasions that Plaintiff had PTSD. (Tr. 9, 15–17, 385–86, 398, 414–16, 458.)

It was error for the ALJ to disregard the opinions of the treating physician and consultative examiner to draw her own medical conclusions about Plaintiff's diagnoses. The ALJ's approach in this case violated the basic rule that "[t]he ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion" or a qualified expert. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Therefore, the case is remanded for further development of the record. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him.") (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)); *see also Filocomo v. Chater*, 944 F. Supp. 165, 170 (E.D.N.Y. 1996) ("In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").[3]

---

[3] Because the Court reverses and remands on these grounds, the Court need not address Plaintiff's other arguments. However, on remand, the assigned ALJ should give appropriate consideration to the new medical evidence Plaintiff submitted to the Appeals Council.

## CONCLUSION

For the reasons set forth above, the Court denies the Commissioner's motion for judgment on the pleadings and grants Plaintiff's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: February 26, 2019
       Brooklyn, New York